IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA KAY CHAPMAN                                                                PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:15cv280-CWR-FKB

WISCONSIN FORWARD HEALTH MEDICAID                                       DEFENDANT

REPORT AND RECOMMENDATION

This *pro se* case is before the Court *sua sponte* for consideration of dismissal. Plaintiff Patricia Chapman filed her complaint [1] on April 13, 2015. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") [2]. Having liberally construed the complaint, the undersigned recommends that this case be dismissed without prejudice.

A court must "dismiss [an IFP] case if the court determines that . . . the action . . . (1) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pursuant to the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *James v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).[1]

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and

---

[1] Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

1

footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

Chapman alleges in her complaint that Defendant has not provided full medical claims history of her children as she requested. [1] at 2. She seeks $500,000.00 in damages, as well as her children's medical history. *Id.* Although unstated, her claim is necessarily brought pursuant to 42 U.S.C. § 1983, a federal statute that allows persons whose constitutional rights have been violated by state actors to sue and recover money damages from those state actors. *E.g., Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006).

Even if every allegation contained in her complaint is true, the law does not permit Chapman to sue this Defendant in this Court. "The Eleventh Amendment [to the United States Constitution] bars suits by private citizens against a state in federal court." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citation omitted). "[I]n the absence of consent a [federal court] suit in which the State *or one of its agencies or departments* is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011)(quotation marks and citation omitted, emphasis added); *see Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005). "[A] suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, States are not liable under 42 U.S.C. § 1983 because they are not considered "persons" under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many

deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

The only defendant in this action, Wisconsin Forward Health Medicaid, is operated by the Wisconsin Department of Health Services, an agency of the State of Wisconsin. That means Defendant has no liability under § 1983 and is immune from a claim for money damages in federal court. Accordingly, Chapman's claims against it should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of June, 2015.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE